# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ROLAND JUNIOR JUANILLO GUZMAN<br>aka Roland Juanillo Guzman Jr. aka<br>Roland Jay Guzman,**<br><br>Defendant. | **CRIMINAL CASE NO. CF0028-25**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 31, 2025, for hearing on Defendant Roland Junior Juanillo Guzman aka Roland Juanillo Guzman Jr. aka Roland Jay Guzman's ("Defendant") Motion to Disclose Informant Identity. Present were Assistant Attorney General Neal Bonavita on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Alternate Public Defender Peter J. Santos. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On January 17, 2025, Defendant was indicted[1] with two counts of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony) and one

---

[1] On April 24, 2025, the Grand Jury returned a Superseding Indictment against Defendant. *See* Superseding Indictment, Apr. 24, 2025. The Superseding Indictment did not add any additional charges but amended the body of Count Two of the First Charge of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony). Count Two now reads as follows:

count of Possession of a Firearm Without Valid Identification (As a Third Degree Felony). (Indictment, Jan. 17, 2025). The First Charge – Count One of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony) stems from a controlled buy operation with a Guam Police Informant on January 8, 2025. (Decl. of Emily L.A. Rees, Magistrate's Compl., Jan. 11, 2025). The First Charge – Count Two of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony) and Second Charge of Possession of a Firearm without Valid Identification (As a Third Degree Felony) stem from the discovery of 174.8 gross grams of suspected methamphetamine, drug paraphernalia and a firearm during the execution of a search warrant at Defendant's residence on January 10, 2025. *Id.*

On March 19, 2025, Defendant filed the instant Motion. On March 26, 2025, the Government filed its Opposition. On March 28, 2025, Defendant filed his Reply.

On March 31, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to order the Government to disclose the identity of three confidential informants: SOI#1; SOI#2; and GPI#24-024. (Mot. Disclose at 2, Mar. 19, 2025). Defendant argues that the identity of the confidential informants is critical to his defense because "there is no eyewitness account of [him] actually distributing methamphetamine." *Id.* at 3. The Government opposes, indicating it does not intend to call any of the three individuals as witnesses at trial. *See generally,* Opp'n, Mar. 26, 2025. The Government further notes that "[a]s

---

***Count Two***

On or about January 10, 2025, in Guam, **ROLAND JUNIOR JUANILLO GUZMAN (aka Roland Juanillo Guzman Jr.; aka Roland Jay Guzman)** did commit the offense of ***Possession of a Schedule II Controlled Substance with Intent Dispense (As a 1ˢᵗ Degree Felony),*** in that he/she did knowingly or intentionally possess with intent to dispense a controlled substance, that is, methamphetamine, and the methamphetamine weighed between 50 and 500 grams gross mixture, in violation of 9 GCA § 67.401.1(a)(1) and (b)(1), and 67.401.4(a)(1)(D).

(Superseding Indictment, Apr. 24, 2025). Arraignment on the Superseding Indictment is currently set for May 8, 2025 at 10:00 a.m. *See* Penal Summons, Apr. 25, 2025.

---

a policy matter, once the identity of a confidential informant becomes known, the informant's safety is placed at risk, and the informant's continued ability to assist with police operations is jeopardized." *Id.* at 3.

Under Guam law, the Government is not required to disclose to a defendant:

> an informant's identity where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the defendant. However, the identity of an informant may not be kept secret where the prosecuting attorney intends to call such person as a witness at the trial.

8 G.C.A. § 70.20(b). Although the Government has indicated it does not intend to call any of the three confidential informants as witnesses at trial, the Court's analysis does not end there. "The Government has a limited privilege to withhold the identity of a confidential informant." *United States v. Williams,* 808 F.2d 1400, 1402 (9th Cir. 1990) (citing *Roviaro v. United States,* 353 U.S. 53, 59 (1957)). "Due to the strong public interest in furthering effective law enforcement, the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." *United States v. Vincent,* 611 F.3d 1246, 1251 (10th Cir. 2010) (quoting *Mendoza-Salgado,* 964 F.2d at 1000). The defendant bears the burden of demonstrating the need for disclosure, and a mere suspicion that the information will prove helpful will not suffice." *Williams,* 808 F.2d at 1402 (citations omitted). If "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro,* 353 U.S. at 60–61. The Court must balance:

> the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62. This inquiry defies mechanical solutions: in determining whether the privilege must give way, the trial court must consider the particular circumstances of each case, balancing the accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality." *United States v. Perez,* 299 F.3d 1, 4

(1st Cir. 2002) (citation omitted). "In making the requisite showing under the *Roviaro* standard, the defendant must present more than mere speculation about the possible usefulness of an informant's testimony. Disclosure of an informant is not required where the information sought from him or her would be merely cumulative, or where the informant is not a participant in or a witness to the crime charged." *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990) (citations omitted). Courts examining cases involving confidential informants have looked at whether they fall into three broad categories:

> At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

*Id.* at 568 (internal citations omitted).

### A. GP#24-024

The Court will first consider whether or not the identity of GPI#24-024 must be disclosed to Defendant. GPI#24-024 was involved in a controlled buy with the Defendant, which forms the basis of the First Charge of Possession of a Schedule II Controlled Substance (As a First Degree Felony) – Count One. At the Motion Hearing, the Government stated that the recording of the controlled buy was sent to defense counsel. After counsel for Defendant clarified that they had not received that discovery, the Government indicated it would send it. On April 11, 2025, the Court ordered the Government to submit for in camera review the video recording of the January 8, 2025 controlled buy. *See* Order Re: Defendant's Motion to Disclose. On April 16, 2025, the Government submitted under seal the Controlled Buy Video Recordings for the Court's review.

The January 8, 2025 controlled buy footage consists of two video recordings and includes both audio and video. Although the video footage shows GPI#24-024 drive to the target location, arrive at the location, enter the residence for a period of time, exit the residence to spend time outside near a truck, and go inside the truck to speak with Defendant, there is no footage of Defendant handing GPI#24-024 drugs or accepting money from GPI#24-024. The camera is

facing the truck's dash and windshield for most of the conversation inside the truck, not Defendant. Further, the audio quality of the conversation between Defendant and GPI#24-024 is somewhat muffled and difficult to understand at times.

In this case, Defendant is charged with selling or delivering drugs to the confidential informant on or about January 8, 2025 in Count One of the First Charge. Only Defendant and GPI#24-024 were present in the vehicle where the controlled buy took place. Although there is a video recording of GPI#24-024's encounter with Defendant, as noted earlier, there is no video footage of Defendant actually handing GPI#24-024 drugs in exchange for money. Thus, similar to *Roviaro*, "[t]his is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses." *Roviaro*, 353 U.S. at 64. The "disclosure of a confidential informant is required where the defendant is charged with selling or delivering illegal drugs to the subject informant and the informant is the sole participant in the transaction." *State v. Williams*, 389 So. 3d 578, 582 (Fla. Dist. Ct. App. 2023) (internal quotation marks and citation omitted). *See also United States v. Robinson*, 144 F.3d 104, 106 (1st Cir. 1998) ("This burden is heavy, but not intractable. If, for example, the informant is the sole participant, other than the accused, in the transaction charged, or if the informant is the only person who is in a position to amplify or contradict crucial testimony of government witnesses, then the court may order disclosure."). Accordingly, should the Government seek to continue to move forward with count one of the First Charge, it must provide the identity of the confidential informant to Defendant.

### B. SOI#1 & SOI#2

The Court next turns to whether or not the identities of SOI#1 and SOI#2 must be disclosed to Defendant. Defendant argues that "the case against him appears to be that he circumstantially possessed methamphetamine found at the location where a warrant was issued" and "[a]t trial, [he] will challenge the informant's allegations that he distributed methamphetamine at all, or from the target location." (Mot. Disclose at 3).

Here, SOI#1 and SOI#2 provided information to GPD used to support GPD's Affidavit for Search Warrant. Thus, the information they provided only goes to the probable cause for the search. Courts have consistently denied disclosure where the informant merely provided police with the probable-cause basis for a search warrant. "[D]isclosure is rarely necessary when, as here, the informant's role was only as a tipster who provided probable cause for a search." *United States v. Long,* 774 F.3d 653, 663 (10th Cir. 2014) (citing *United States v. Moralez,* 908 F.2d 565, 567 (10th Cir. 1990)). *See also United States v. Robinson,* 144 F.3d 104, 107 (1st Cir. 1998) ("Where, as here, the government's informants neither participated in nor witnessed the events that inculpated the defendant and led to his arrest, the informants ordinarily are deemed mere tipsters. Moreover, we have held with a regularity bordering on the echolalic that tipsters, as opposed to informants who are active participants in the crimes charged, generally deserve anonymity."); *United States v. Bender,* 5 F.3d 267, 270 (7th Cir. 1993) ("When the information is a mere 'tipster,' rather than a participant or an eye witness to the event in question, disclosure will not be required."). The SOIs were not participants or eye witnesses to the search of the residence and/or room where the drugs and firearm were discovered by GPD and the SOIs will not be witnesses at trial. Accordingly, the Court does not find that the disclosure of SOI#1 and SOI#2 is required at this time and denies this portion of Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Disclose Informant Identity.

**IT IS SO ORDERED** this 26th day of April, 2025.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic Copy of the original was e-mailed to
*AG , APD,*

Date 4/28/25 Time. 2:48 pm
Albert Candy

Deputy clerk , Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Guzman*
Case No. CF0028-25
Decision and Order